**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

NATIONWIDE JUDGMENT
RECOVERY, INC.,

      Plaintiff,

v.                                      Case No:   6:21-mc-61-CEM-LHP

AUDREY MORRIS,

      Defendant

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR FINAL JUDGMENT IN GARNISHMENT AS TO GARNISHEE JPMORGAN CHASE BANK, N.A. WITH SUPPORTING MEMORANDUM OF LAW (Doc. No. 29)**
>
> **FILED:** November 18, 2022
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.[1]

---

[1] The Court notes that in addition to the substantive deficiencies outlined herein, the motion is procedurally flawed for failure to comply with Local Rule 1.08.

On August 14, 2017, a final judgment was entered in the United States District Court for the Western District of North Carolina in favor of Kenneth D. Bell, in his capacity as court-appointed receiver for Rex Venture Group, LLC, d/b/a ZeekRewards.com ("Plaintiff"), and against several individual class members, including Defendant Audrey Morris ("Defendant"). Doc. No. 1-1. *See also id.* at 3 (final judgment in the amount of $37,798.80 against Defendant). On April 19, 2021, Plaintiff registered a certified copy of that foreign judgment with this Court. Doc. Nos. 1, 1-1.[2]

On August 23, 2021, a writ of garnishment issued against garnishee JP Morgan Chase Bank, N.A. ("JP Morgan"). Doc. No. 5. *See also* Doc. No. 2. On September 2, 2021, JP Morgan filed an Answer to the writ of garnishment stating that it is indebted to Defendant in the total amount of $2,183.77. Doc. No. 9.

By the present motion, filed on November 18, 2022, Plaintiff seeks final judgment in garnishment against JP Morgan. Doc. No. 29. On review, the motion is due to be denied.

Pursuant to the Federal Rules of Civil Procedure, "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or

---

[2] Nationwide Judgment Recovery, Inc. has since been substituted as the party-Plaintiff. Doc. Nos. 27–28.

execution—must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1).   In Florida, after obtaining judgment, a plaintiff may move for issuance of a writ of garnishment.   Fla. Stat. § 77.03.   Once issued, the plaintiff must send to the defendant a copy of the writ of garnishment, the motion for writ of garnishment, and, if the defendant is an individual, a "Notice to Defendant," as well as a claim exemption form.   Fla. Stat. § 77.041(2).   Upon answer to the writ of garnishment, the plaintiff must serve on the defendant a copy of the garnishee's answer, and a notice that the defendant must move to dissolve the writ within 20 days after the date indicated on the certificate of service.   Fla. Stat. § 77.055. Importantly, "[i]f the plaintiff fails to file a dismissal or motion for final judgment within 6 months after filing the writ of garnishment, the writ shall automatically be dissolved and the garnishee shall be discharged from further liability under the writ."   Fla. Stat. § 77.07(5).   The Florida garnishment statutes must be strictly construed.   *See Williams v. Espirito Santo Bank of Fla.*, 656 So. 2d 212, 213 (Fla. 3d Dist. Ct. App. 1995).

Here, Plaintiff's motion is due to be denied for two reasons.   First, it is patently untimely.   The motion was filed on November 18, 2022, more than a year after issuance of the JP Morgan writ on August 23, 2021.   Doc. Nos. 5, 29.   Thus, the writ was automatically dissolved by operation of Fla. Stat. § 77.07(5).   *See Fed.*

*Deposit Ins. Corp. v. Amos*, No. 3:12CV548/MCR/EMT, 2017 WL 772340, at *1 (N.D. Fla. Feb. 28, 2017) ("Pursuant to the statute, a writ of garnishment automatically dissolves if a motion for final judgment is not filed within six months after filing the writ of garnishment." (citing Fla. Stat. § 77 .07(5)).[3]

Second, even if it were timely, the docket does not reflect compliance with the service requirements set forth in Fla. Stat. § 77.055.[4]  As discussed above, within five days after service of JP Morgan's Answer to the writ, Plaintiff was required to serve by mail a copy of the JP Morgan's Answer on Defendant, as well as a notice that Defendant must move to dissolve the writ within 20 days after the date indicated on the certificate of service.   Fla. Stat. § 77.055.   Plaintiff was also required to file a certificate of service on the docket.   *Id.*

In its motion, Plaintiff represents that "[o]n September 7, 2021, Plaintiff mailed a second Notice to Defendant which attached Chase's Answer as required by Florida Statute § 77.055 and stated that 'Plaintiff further notifies Defendant that it must move to dissolve the Writ of Garnishment within 20 days after the date

---

[3] Section 77.07(5) provides that the plaintiff can extend the writ "for an additional 6 months by serving the garnishee and the defendant a notice of extension and filing in the underlying proceeding a certification of such service."   Fla. Stat. § 77.07(5).   However, no such certificate of service has been filed in the present case.

[4] The September 9, 2021 certificate of service on the docket pertains to Plaintiff's compliance with Fla. Stat. § 77.041.   *See* Doc. No. 10.

- 4 -

indicated on the Certificate of Service . . . ." Doc. No. 29, at 4. However, Plaintiff submits no evidence to support that statement, and the docket does not otherwise reflect the filing of a certificate of service. Accordingly, Plaintiff fails to demonstrate compliance with Fla. Stat. § 77.055, rendering denial of the motion for final judgment and dissolution of the writ proper. *See Cruise Control, Inc. v. Tyler*, 577 So. 2d 709, 710 (Fla. 2d Dist. Ct. App. 1991) (reversing "the final judgment of garnishment because . . . garnishor failed to provide the defendant . . . with the notice required by section 77.055"). *See also Art Remedy LLC v. Lana Moes Art, LLC*, No. 18-CV-61912, 2020 WL 6800449, at *2 (S.D. Fla. Nov. 19, 2020) ("Plaintiff's failure to serve the requisite garnishment papers on Defendants . . . in the manner provided for under Chapter 77 of the Florida Statutes requires dissolution of the Writ of Garnishment."); *Wiand for Valhalla Inv. Partners, L.P. v. Lee*, No. 8:10-cv-210-T-17MAP, 2013 WL 12198454, at *3 (M.D. Fla. Oct. 31, 2013) (dissolving writ of garnishment upon garnishor's failure to strictly comply with Fla. Stat. §§ 77.041, 77.055).

For these reasons, the Motion for Final Judgment in Garnishment as to Garnishee JP Morgan Chase Bank, N.A. (Doc. No. 29) is **DENIED**. The JP Morgan

writ (Doc. No. 5) was automatically dissolved by operation of Florida law.  *See* Fla. Stat. § 77.07(5).[5]

**DONE** and **ORDERED** in Orlando, Florida on April 24, 2023.

*[signature: Leslie Hoffman Price]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[5] Dissolution of the writ by operation of Fla. Stat. § 77.07(5) would not preclude Plaintiff from seeking a subsequent writ against JP Morgan.  *See Nationwide Judgment Recovery, Inc. v. Morrow*, No. 8:21-mc-70-TPB-JSS, 2022 WL 4762698, at *1 (M.D. Fla. Oct. 3, 2022) ("A plaintiff may seek a subsequent writ where an original writ has been automatically dissolved pursuant to Fla. Stat. § 77 .07(5).").